UNITED STATES OF AMERICA,

        Plaintiff,

                                        MEMORANDUM
                                        AND ORDER
                                        96-CR-418 (JG)

    - against -

RAMON ESCOBAR-ARIAS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOHN GLEESON, United States District Judge:

        Ramon Escobar-Arias, a federal inmate proceeding *pro se*, has moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of what he terms the "new set of rules" promulgated by the United States Sentencing Commission, which Escobar-Arias asserts provide to a sentencing court "a greater range of sentencing options . . . with respect to offenders of certain crimes." (Motion at 1.) He specifically requests that I reconsider his sentence in light of factors "now relevant under §3553." (*Id.*)

        The 2010 amendments to the Federal Sentencing Guidelines indeed enlarge the role of certain offender characteristics in determining whether a departure is warranted. Escobar-Arias seeks support from two amendments in particular: Amendments 739 and 740.

        Amendment 739 elevated four offender characteristics from the "not ordinarily relevant" (to the departure decision) category to a new category. Age, mental and emotional conditions, physical condition or appearance (including physique), and military service now "may be relevant in determining whether a departure is warranted" if such conditions, "individually or in combination with other offender characteristics, are present to an unusual

degree and distinguish the case from the typical cases covered by the guidelines." §§ 5H1.1 (age), 5H1.3 (mental and emotional conditions), 5H1.4 (physical condition), and 5H1.11 (military service).

Thus, for example, whereas before the amendments sentencing courts could depart from the Guidelines range based on a defendant's mental condition only in "exceptional" cases that occur "extremely rarely," the 2010 amendments permit departures in "unusual" cases that are "distinguishable" from the typical case. The Commission did not provide much guidance for judges in their efforts to differentiate "exceptional" cases from merely "unusual" ones, perhaps in the belief that a body of case law will grow up around these newly-articulated departure grounds. Although the mandatory Guidelines era indeed spawned a generous supply of departure case law in the Second Circuit, the post-*Booker* regime is not conducive to such developments. Specifically, if the sentencing court is free (and indeed obligated by § 3553(a)) to consider all offender characteristics in fashioning a just sentence, irrespective of whether they make the case "extraordinary" or "unusual," it may understandably consider it unnecessary to further decide whether a particular offender characteristic is also present to an "unusual" degree. Similarly, if the appellate court determines that the sentence as explained and pronounced is reasonable, it may regard as unnecessary the question of whether it could also have been reached via the newly-minted departure authority for offender characteristics present to an "unusual" degree.

In short, the Sentencing Commission seems determined to divide sentences outside the applicable range into "departures" (*i.e.*, outcomes blessed by the Guidelines), and "variances" (*i.e.*, outcomes that are permissible after *Booker*, but not blessed by the Guidelines). Its stated impetus for slightly expanding these departure grounds in the 2010 amendments was "an observed decrease in reliance on departure provisions in favor of an increased use of

variances." U.S.S.G. Amend. 739. Apparently, it expects judges to classify more outside-the-range sentences as departures, but courts interested only in arriving at just sentences may not find it necessary to do so.

Amendment 740 finally acknowledged what several circuit courts had previously held: in appropriate circumstances in an illegal re-entry case, a departure is warranted based on the defendant's cultural assimilation to the United States. *See* U.S.G. § 2L1.2, comment (n.8). This departure authority has no connection to Escobar-Arias's case, as he was convicted of narcotics trafficking, not illegal re-entry.

As for the application before me, the relevant statute and guideline do not permit me to grant Escobar-Arias's motion for reconsideration of his sentence. 18 U.S.C. § 3582 states that I "may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This statute contains two provisions that are fatal to Escobar-Arias's application.

First, the statute requires the defendant to have been sentenced to a term of imprisonment based on a statutory sentencing range that has "subsequently been lowered by the Sentencing Commission." *Id.* Escobar-Arias does not claim he was subjected to a sentencing range that was subsequently lowered; rather, he rests his application on newly-established departure authority that a sentencing court may or may not invoke, at its discretion. Therefore, Escobar-Arias is not eligible for relief under 18 U.S.C. § 3582(c)(2).

Second, even if Escobar-Arias was originally sentenced under a statutory range that has subsequently been lowered by the Commission, I may reduce his sentence only if such a reduction would be consistent with the "applicable policy statements" promulgated by the Commission. It would not be consistent here. Section 1B1.10 of the Guidelines states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (b) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2). Subsection (c) does not list either Amendment 739 or 740, the recent changes on which Escobar-Arias's application relies. Therefore, the amendments are not retroactive, and to treat them as retroactive would not be consistent with the policy statements of the Commission.

Indeed, this second reason for denial dovetails with the first: even if Amendments 739 and 740 were listed in § 1B1.10(c), they would not lower Escobar-Arias's Guidelines range, and thus could not serve, consistent with U.S.S.G. § 1B1.10, as the basis for a reduction in Escobar-Arias's sentence.

## CONCLUSION

For the foregoing reasons, Escobar-Arias's motion is denied.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: January 14, 2011
      Brooklyn, New York